COLUMBIA HUNTRESS, in submission, *vs.* IRA HURD.

NATHANIEL DUSTIN, and another,

*vs.*

COLUMBIA HUNTRESS and IRA HURD, Trustee.

Somerset.    Opinion July 23, 1881.

*Practice.    Judgment.    Trustee process.    Stat. 1877, c. 181.*
*R. S., c. 77, § 16; c. 86, § § 58-60.*

When an order from the law court is received by a clerk of court, overruling exceptions taken to an order directing judgment to be entered upon a report of referees, he should enter up judgment as of the next preceding term, in accordance with stat. 1877, c. 181, even though the defendant had been summoned as trustee of the plaintiff in a suit then pending against the plaintiff, if there is no subsisting order to the contrary.

The action of the clerk in bringing such a case forward on the docket of the next succeeding term, is without authority of law, unless there was an order at a prior term, made upon the motion of the plaintiff in the trustee suit, under R. S., c. 86, § 58, to continue it for judgment; and whether such an order would be precluded by the agreement of arbitration is not considered.

The court will not allow an error of their officer to affect the legal rights of parties when it can be avoided, and in such a case as stated will render judgment upon the report of the referees, and discharge the trustee in the other suit.

*Huntress* v. *Hurd*, was on exceptions.

*Dustin* v. *Huntress & Tr.* was on report.

The first case was a submission under the statutes, made in September, 1879.

The report of the referees was accepted at the March term, 1880, and judgment ordered for the amount found by the referees. To this order exceptions were filed and allowed.    May 31, 1880, the clerk received an order from the law court, of "Exceptions overruled."    Judgment was not then entered up as of the preceding (March) term, but the case was continued on the docket, and at the next (September) term, the plaintiff moved to have action dismissed from the docket of that term, and to have execution issue upon the judgment ordered at the last (March) term.

The motion was denied *pro forma,* and the case ordered to be continued to await the trustee process.

The question presented by the second suit was upon the trustee's disclosure.

The writ was served upon the trustee, who was the defendant in the first action, January 3, 1880, and entered at the March term, 1880. The disclosure was filed at the September term, 1880, and alleged that the trustee had no goods, effects or credits of the principal defendant, (the plaintiff in the first suit) in his hands, except the indebtedness as shown by the report of the referees in the first suit.

" If the trustee is in no event liable to be legally charged in this suit, he is to be discharged by the law court."

*Joseph Baker,* (*J. F. Holman* with him) for Columbia Huntress, cited : R. S., c. 77, § 16, as amended by stat. 1877, c. 181 ; High on Ex. Leg. Rem. § § 82, 238 ; *Holt* v. *Kirby,* 39 Maine, 164 ; *Codman* v. *Strout,* 22 Maine, 292 ; *M'Caffrey* v. *Moore,* 18 Pick. 492 ; R. S., c. 108, § § 1, 5.

*D. D. Stewart,* for Ira Hurd.

The action of *Huntress* v. *Hurd,* was properly and necessarily continued by the express provision of R. S., c. 86, § 56. And the action of the court in continuing it to await the result of the trustee suit, was in accordance with § 60, of same chapter.

The exercise of the discretion of the court in such case is. conclusive. *Hunnewell* v. *Young,* 18 Maine, 263.

*V. A. and M. Sprague,* for Nathaniel Dustin, *et al.*

BARROWS, J. The mingling of statutory provisions intended. to apply to different cases and conditions in one chapter, in a revision of the statutes, may answer for an excuse, but not for a defence of the irregularities which have occurred in the first named of the above cases.

When the order from the full court overruling the exceptions. filed at the March term, 1880, was received by the clerk of the court in Somerset county, May 31, 1880, he should have entered up judgment as of the March term previous, in pursuance of

the order made at that term, to which exceptions were taken, and of R. S., c. 77, § 16, as amended by c. 181, laws of 1877.

The effect of the order overruling the exceptions to entitle Huntress to judgment upon his award, could only have been controlled by an order made at the March term, 1880, upon the motion of the plaintiffs in the trustee suit, under R. S., c. 86, § 58, to continue it for judgment.

In the absence of such an order, the action of the clerk in bringing the case forward upon the docket of the September term, was without authority of law.  The *pro forma* ruling of the justice at the September term, 1880, upon the motion of the plaintiff in submission, was erroneous also.  Finding that the case had not been continued for judgment at the March term under the provisions of § 58, he should have given its legitimate effect to the certificate from the law court, and ordered judgment to be made up, either forthwith, or as of the previous March term.

A little examination shows conclusively that there has been no change in the statutory provisions upon this topic, except by collocation in the revision, which is not allowed to change their effect except when manifestly so intended, since the decisions rendered by this court in cases presenting certain features like those before us.

The provision in R. S., c. 86, § 56, upon which Hurd's counsel relies as requiring a continuance of the process of *Huntress in sub.* v. *Hurd*, to await proceedings in the trustee suit, assumed substantially its present form in § 3, c. 368, laws of 1839, and reappears in R. S., of 1841, c. 119, § 13, and in the successive revisions since that time.  But it relates obviously to cases where the defendant in a pending suit has been summoned as trustee of the plaintiff, long enough before the first suit has proceeded to trial and verdict to make his disclosure, and give the proceedings in evidence at the trial.  It is not imperative; but the granting of a continuance, rests in the discretion of the court, and hence the court, in *Hunnewell* v. *Young*, 18 Maine, 262, decided at May term, 1841, not finding any statute provision for the protection of the trustee when summoned and charged after

verdict against him, held that the refusal of the judge to continue the principal action, was right, and that the trustee on disclosing the facts, would be entitled to his discharge.

But, then came the provision of R. S., of 1841, c. 119, § § 64–66, in substance identical with R. S., of 1871, c. 86, § § 58–60. Under these also, there is the same discretionary power in the presiding judge to continue the first suit, or to render judgment in it, and discharge the trustee. Were it otherwise, and the continuance imperative, it would be in the power of any defendant against whom a verdict had been rendered, or an award presented, to prevent the rendition of any judgment thereon, so long as he could induce parties to commence trustee suits against his adversary, and summon him as trustee. It would be only a question of tenacity of purpose and ability to pay costs and counsel fees.

The statute does not require any such absurdity, and the court cannot permit its judgments to be thus trifled with.

Hence, under substantially the same provisions as we now have, in 1843, in *Strout* v. *Clement,* and *Codman* v. *Strout and Clement, trustee,* the court overruled exceptions to the refusal of the judge to continue the first suit, and charge the trustee ; and in *Holt* v. *Kirby,* 39 Maine, 164, they went a step farther, and sustained exceptions to a refusal of the judge, to order judgment on the accepted award, and to his order charging the trustee.

Apparently the real ground of these decisions, is the feeling of the court, that a debtor ought not to be allowed to secure a delay of judgment in this manner, when he has agreed with his adversary to submit the question of his indebtment to a tribunal, mutually selected, by whose decision he has bound himself to abide ; and therefore they held that the discretionary power of the judge to continue the case to await the disposition of the trustee process, should not be exercised in such cases. In both the cases cited, the fact that the party has agreed that when the report of the referees has been made and accepted, the judgment thereon shall be final, is referred to as a ground of the opinion, and there is an obvious force and propriety in the suggestion. It is true that the statute then existing, and now embraced in R. S.,

c. 86, § § 58–60, may have been overlooked. Some remarks referring to the want of power in the court to protect the trustee, indicate the possibility of this.

If so, it will not be the first time that a wrong reason has been given for a right decision. But the authority of those cases is not necessary for the rightful disposition of these. The policy of the law, is to relieve the party summoned as trustee, unless the plaintiff in the trustee suit, actively intervening, presents his motion to continue the first case for judgment under § 58; and such is its express provision, § 59.

The docket shows no motion made by the plaintiff in the trustee suit for such continuance at the March term, 1880. If the judge presiding at that term had, in the exercise of his discretion, made an order that the case of *Huntress* v. *Hurd*, should stand continued for judgment, in case the exceptions were overruled, the question would have been presented whether we would follow *Holt* v. *Kirby*, and hold that the agreement for arbitration precluded such action.

The discretion of the court does not seem ever to have been invoked by the plaintiff in the trustee suit to procure a continuance for judgment. The ruling at the September term was expressly made *pro forma*. For most purposes, the order of the law court to the clerk of the Supreme Judicial Court to enter up judgment, or directing such a disposition of all pending questions as leaves nothing to be done but to make up the judgment, must be deemed a judgment. For all purposes where it is necessary in order to sustain legal and equitable rights, the court so regards it. *Cooley* v. *Patterson*, 52 Maine, 472.

When such order is made conditionally, and the conditions have been complied with, no exceptions lie to the order of the judge at *nisi prius* to enter judgment. *Mitchell* v. *Smith*, 69 Maine, 66. That it should have been so regarded here and followed by the making up of the judgment, and the issuing of execution in the suit of *Huntress* v. *Hurd*, is obvious; and this would have drawn after it a discharge of Hurd as trustee in the other suit, under the fifth specification in R. S., c. 86, § 55. The same results should be reached now. That they did not follow imme-

diately, is owing to the misfeasance of an officer of the court, doubtless at Hurd's instance, coupled with the erroneous suggestion, that the pendency of the trustee process required a further continuance of the first suit. Notwithstanding his dissatisfaction at the doings of the tribunal of his own selection, Hurd is still bound by his agreement, that judgment rendered on their report shall be final; and where no legal objection is found to the report, judgment should not have been delayed at his intervention. The court will not allow the error of their officer to affect the legal rights of parties when it can be avoided.

To the end that the defendant Hurd, in addition to the delay of judgment already secured, may not, in the language of the court, 22 Maine, 294, "be enabled to give any part of the award a destination contrary to what he had agreed upon," the disposition of these cases should be as follows;

> *In Huntress in sub.* v. *Hurd, Exceptions sustained. Judgment for plaintiff as of the March term, 1881.*
>
> *In Dustin et al.* v. *Huntress and trustee, Trustee discharged.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.